**FADA OF NEW YORK, Inc., et al. v. OR-GANIZATION SERVICE CO., Inc.**

No. 169.

Circuit Court of Appeals, Second Circuit.

Jan. 26, 1942.

S. Howard Imbrey, of New York City, for appellant.

Mordecai M. Richter and George J. Beldock, both of New York City, for appellees.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying the bankrupt's motion, made under Rule 12(b) (2), Federal Rules of Civil Pro-

cedure, 28 U.S.C.A. following sections 723c, to dismiss an involuntary petition against it for lack of jurisdiction. The question is whether the bankruptcy court for the Southern District of New York had jurisdiction over the petition under § 2 sub. a(1) of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(1). The facts are as follows. The bankrupt, a corporation organized under the laws of New Jersey, made an assignment for the benefit of creditors in New York on February 19, 1941. A petition for adjudication was filed against it on May 28th; between the assignment and that date no business was carried on as the assignee sold out the whole stock almost at once. In 1940 the company had had two places of business, both in New Jersey; but in that year it discontinued one of these and opened a substitute in New York. The business consisted of selling merchandise through fraternal organizations and the like, and all the tangible assets—consisting mainly of samples—were in New York when the assignment was made. The president, who had charge of the business, divided his time, however, between the two offices; in what proportion it does not appear. The bankrupt argues that, even if its principal place of business was in New York for the longer part of the six months preceding May 28, 1941, than in any other jurisdiction, that is not controlling in view of the fact that the business had ceased for more than half that period; and that its domicile should be the test. Further, if that be not true, at least it does not appear that its principal place of business between November 28, 1940, and February 19, 1941, was in fact in New York.

 There is not the slightest reason for saying that because the bankrupt had no place of business for half the six months preceding petition filed, it could be adjudicated only in the court of its domicile. Section 2, sub. a(1) has always spoken in the alternative, and allows either court to take jurisdiction. It may indeed be true that, if any business whatever had continued to be done in New Jersey after the assignment, the bankrupt's principal place of business might have been there for that period, and in that event, since the New York office had been open less than three months between November 28, 1940, and May 28, 1941, perhaps the principal place of business for the greater part of the last

six months would have been New Jersey. However, since no business of any kind was done anywhere after the assignment, there was no "principal place of business" at all during the preceding six months except in New York. The bankrupt somewhat faintly argues the second point also; that before the assignment the "principal place of business" was not New York at all but the New Jersey office; and it is true that the allegations in the affidavits are somewhat vague about just how the corporate activities were distributed between the two offices. Nevertheless, apparently all the merchandise—whether samples or not—were in New York and that was the place selected for the assignment; so that there seems to be little doubt that while there was any active business at all, New York was its headquarters.

Order affirmed.