**MISSION INSURANCE COMPANY,**
Plaintiff,

v.

James **MACKEY**, Linda Kathleen **Hale**, Larry **Hale**, Donna Litner **Foster** and **MFA** Mutual Ins. Co., Defendants.

Civ. A. No. 18604–3.

United States District Court,
W. D. Missouri, W. D.

June 9, 1971.

Jack G. Beamer, McKenzie, Williams, Merrick, Beamer & Stubbs, Kansas City, Mo., for plaintiff.

James R. Mackey, pro se.

E. J. Murphy, Butler, Mo., Thomas A. Sweeney, Popham, Popham, Conway, Sweeney & Fremont, Kansas City, Mo., for other defendants.

## JUDGMENT OF DISMISSAL FOR LACK OF DIVERSITY JURISDICTION

WILLIAM H. BECKER, Chief Judge.

This is an action for a declaratory judgment "declaring and determining the rights of the parties under the policies of insurance issued by the plaintiff and MFA Mutual Insurance Company" in which it is alleged that defendant Mackey has made demand on both plaintiff and defendant MFA Mutual Insurance Company to defend actions for damages (resulting from the alleged negligence of defendant Mackey) brought in the state courts against defendant Mackey by the defendants Hale. Jurisdiction of the federal court is invoked under the diversity statute, § 1332, Title 28, United States Code. In the second amended complaint filed by plaintiff, it is alleged that plaintiff is a citizen of California, "is incorporated in the State of California . . . and has its principal office * in Los Angeles, California"; that defendants Hale and Mackey are citizens of Missouri; and that defendant MFA Mutual Insurance Company is also a citizen of Missouri, "is incorporated in the State of Missouri . . . and has its principal place of business in the State of Missouri."

■■ It appears, however, that under a proper alignment of the parties, MFA Mutual Insurance Company should be aligned as a party plaintiff with Mission Insurance Company. Because MFA Mutual Insurance Company, like the defendants, is a Missouri citizen, the required complete diversity between all plaintiffs on the one hand and all defendants on the other hand is lacking. See Universal Underwriters Insurance Company v. Wagner (C.A.8) 367 F.2d 866, 870. In the same case, it was said, at 870:

> "It is the duty of the federal courts to look beyond the pleading and to arrange the parties according to their sides in the dispute. The court must inquire into 'the principal purpose of the suit' and the 'primary and controlling matter in dispute.' The controversy must be 'actual' and 'substantial'."

From the pleadings and the stipulations of the parties herein, it appears that the interest of plaintiff and defendant MFA Mutual Insurance Company is precisely the same interest in the suit. According to the pleadings, defendant James Mackey was operating, at the time of the accident, a 1966 Plymouth owned by Lawrence and Velma Mackey. Plaintiff was

---

\* The phrase "principal office" is not sufficient. The requirement is to state "principal place of business" under § 1332(c), Title 28, U.S.C. It is assumed that this could be properly amended, however, to state diversity of citizenship in this regard.

the liability insurer for James Mackey, who held Mission Insurance Company Policy No. AUT (075) 902500 insuring James R. Mackey and a 1957 Chevrolet four-door hardtop. That policy provided for coverage with respect to the use of another automobile "provided the actual use thereof is with the permission of the owner." Similarly, according to the answer of defendant MFA Mutual Insurance Company, its policy covering the 1966 Plymouth involved in the accident and owned by Lawrence and Velma Mackey requires for coverage if it be operated "with the permission of answering defendant's named insured, Lawrence Mackey or his wife, Velma Mackey." In Standard Pretrial Order No. 2 filed herein on December 24, 1970, it is agreed by the parties that:

> "The plaintiff, Mission Insurance Company, and defendant MFA [Mutual] Insurance Company each deny that their insurance policies cover James Mackey at the time that he allegedly upset said Plymouth automobile and defendants Linda and Larry Hale were allegedly injured, for the reason that the said James Mackey did not have permission to drive said automobile and said automobile was not insured under the Mission Insurance policy."

From the foregoing it appears that both plaintiff insurance company and defendant MFA Mutual Insurance Company will be seeking to prove exactly the same fact—that defendant James Mackey did not have permission to operate the 1966 Plymouth automobile. Thus, the only conceivable controversy would be between the insurance companies on the one hand and the individual parties on the other hand, who, possibly for more complete coverage in case of the exhaustion of one policy limit, would be seeking to prove that defendant James Mackey did have permission to operate the 1966 Plymouth. In Nationwide Mutual Insurance Company v. Vaughn (W. D.Va.) 307 F.Supp. 805, 807, it was held that when one insurer was attempting to prove absence of permission and another

insurer would attempt to prove lack of "reasonable cause to believe that [the driver] had the permission of Strange [the owner] to use the automobile," no realignment of the insurers on the same side of the suit was necessary because "two separate requirements" of varying difficulty were being attempted to be proved. In the case at bar, however, the insurers will be on the same side of the single litigable issue in this case. It therefore appears that the two insurers in this case should be aligned as plaintiffs and this cause accordingly dismissed for lack of complete diversity between all plaintiffs on the one hand and all defendants on the other.

■ The parties contend that another issue—one on which the insurers must necessarily be adverse parties—exists. This issue is described as follows in Standard Pretrial Order No. 2:

> "In the event both insurance companies are found to be legally obligated to defend said suits and pay said judgments, which company is the primary insurer and which company is the excess insurer?"

In United States Fidelity & G. Co. v. Millers Mutual Fire Insurance Company of Texas (C.A.8) 396 F.2d 569, 571, n. 2, however, it was noted that, where the issue of coverage is not at stake, the district court may appropriately refuse to entertain the issue between insurers "disputing who is the 'primary' or 'excess' carrier." Further, in Farmers Elevator Mutual Ins. Co. v. Carl J. Austad & Sons, Inc. (C.A.8) 366 F.2d 555, 557, it was pointed out that it is "a much preferable practice in advancing the administration of justice" for one company to assume responsibility by processing, defending and paying the claim or judgment and then proceeding to litigate its contentions of coverage with the other carrier. See also Universal Underwriters Insurance Company v. Wagner, *supra*, 367 F.2d at 871, n. 7.

It therefore appears that, under United States Fidelity & G. Co. v. Millers Mutual Fire Insurance Company of Texas, *supra*, (C.A.8) 396 F.2d at 571, n. 2,

on the one issue currently cognizable as ripe for controversy, the two insurers in this cause are aligned on the same side of the dispute and that there is therefore no diversity of citizenship between all plaintiffs on the one hand and all defendants on the other.

For the foregoing reasons, on May 20, 1971, this Court entered its order directing plaintiff to show cause within 10 days why this action should not be dismissed for lack of jurisdiction. In the same order, the other parties to this action were also given their option of filing suggestions in response to the show cause order.

Only plaintiff responded to the order. In the response filed on May 28, 1971, plaintiff contended (1) that, under the precedents established in this circuit, federal jurisdiction of declaratory judgment actions is not to be denied because the insured's liability is unresolved;[1] (2) that there is a second distinct factual issue in this case (in addition to the issue of whether defendant James Mackey had permission to operate the vehicle of Lawrence and Velma Mackey) whether Mission's policy coverage "was . . . in effect while Mackey was driving said Plymouth because there is no proof that the vehicle described in the Mission policy, a 1957 Chevrolet, was withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction" and therefore Mission and MFA Mutual will not be on the same side of every issue; and (3) that the actions of Mission against the individual defendants on the one hand, and MFA Mutual, on the other, are completely separable and that therefore:

"If the court still believes that the realignment of MFA from defendant to plaintiff, then plaintiff requests that before any order is issued that the

plaintiff be notified and given time to file a motion to dismiss as to one or more of the defendants in order to preserve diversity of citizenship and avoid further delay. Pingel v. Coleman Co. [D.C.], 250 F.Supp. 52 [521]."

On the only issues currently litigable in this Court, however, it is readily apparent that the interests of plaintiff and defendant MFA Mutual are identical. As noted above, they are indisputably on the same side of the "permission" issue. Further, under the literal terms of the Mission Insurance policy, the issue of whether that policy applied to the 1966 Plymouth being driven by defendant Mackey as a "temporary substitute automobile" is relevant only to the purported question of whether Mission, if "permission" is shown, is a "primary" or "excess" insurer. The policy is clear, from the following provisions, that "permission" is required in order for a "temporary substitute automobile" to come within the coverage of the policy:

"(a) *Automobile.* Except where stated to the contrary, the word 'automobile' means:

\*      \*      \*      \*      \*      \*

(3) *Temporary Substitute Automobile* —under coverages A, B and C, a private passenger automobile not owned by the named insured or his spouse if a resident of the same household, while temporarily used as a substitute for the described automobile when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction."

Thus, the word "automobile," as used in the following provision relating to "permission" includes a "temporary substitute automobile" as one which must be driven with the owner's permission in

---

1. Plaintiff cites United States Fidelity & Guaranty Co. v. Pierson (C.A.8) 97 F.2d 560; Maryland Casualty Co. v. Texas Co. (C.A.8) 114 F.2d 952; and Hanover Insurance Co., Massachusetts Bonding Dept. v. Travelers Indemnity Co. (C.A. 8) 318 F.2d 306. But these cases are not authority for the proposition that

jurisdiction must in every case be exercised. Cf. Brillhart v. Excess Insurance Company of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620, 1625, in which the Supreme Court of the United States in substance reversed the trial court for failure to explore the adequacy of the Missouri garnishment remedy.

order for the insured to be covered by the policy:

"V. *Use of Other Automobile.* If the named insured is an individual or husband and wife and if during the policy period such named insured, or the spouse of such individual if a resident of the same household, owns a private passenger automobile covered by this policy, such insurance as is afforded by this policy under coverages A, B, C and E with respect to any other private passenger automobile provided the actual use thereof is with the permission of the owner . . . "

In Densmore v. Hartford Accident & Indemnity Company (W.D.Pa.) 221 F. Supp. 652, 654, it was held that a stolen automobile could constitute a "temporary substitute automobile" within the meaning of an insurance policy which did not place any other limitations on the definition of "temporary substitute automobile." In cases like that at bar, however, when the policy has specifically limited the meaning of "temporary substitute automobile" to one used with permission of the owner, that limitation has been deemed to be effective. See Hemphill v. Home Insurance Company, 121 Ga.App. 323, 174 S.E.2d 251. Thus, the "permission" issue, on which plaintiff and defendant MFA Mutual are undeniably on the same side, will be dispositive of the "temporary substitute automobile" insofar as the question of coverage of the Mission policy is concerned. Once permission has been proved, the issues of "temporary substitute automobile" and "permission" are relevant only to the issue of degree of liability according to the following provision of the Mission policy:

"19. *Other Insurance—Coverages A, B, C, D, E, F, and G.* If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, under coverages A and B the insurance with respect to temporary substitute automobiles under Insuring Agreement IV or other automobiles under Insuring Agreement V shall be excess insurance over any other valid and collectible insurance."

But the issue of degree of liability, as has been noted, is not one presently ripe for determination. Universal Underwriters Insurance Co. v. Wagner, *supra*; Farmers Elevator Mutual Ins. Co. v. Carl J. Austad & Sons, Inc., *supra*. Plaintiff objects that, even in those cases in which it is suggested that the better course is for one insurer to assume the defense of the state action and then attempt to recover proper amounts from the other insurer, "the court nevertheless did decide the issues between the two insurers prior to any judgment in favor of a claimant." But that was in recognition of the discretionary power of the federal trial court to entertain, or not entertain, the issue.

"The Declaratory Judgment Act is not a command to the district court to take jurisdiction, and the exercise of jurisdiction under the Act lies within judicial discretion." Universal Underwriters Insurance Company v. Wanger, *supra*, 367 F.2d at 871.

Further, the proper exercise of discretion in this case would require dismissal on this issue. The pleadings and Standard Pretrial Order No. 2 in this action make no case whereby Mission's liability would be lessened by that of MFA Mutual Insurance Company, if "permission" is once shown. The "other insurance" provision of the Mission policy clearly states that Mission is to be the "excess" insurer. No material issue presently litigable exists respecting whether the MFA Mutual policy has conflicting provisions. Further, for the purposes of the currently litigable issues, as evidenced by the response to the show cause order, Mission takes the same position that MFA Mutual takes, that the 1966 Plymouth was not a "temporary substitute automobile" and that James

Mackey did not have permission to drive it. Clearly, on all factual issues before the Court, plaintiff and defendant MFA Mutual are on the same side.

■ Plaintiff's contention that the claims are separable so that diversity can be maintained by dismissing the individual defendants, on the one hand, or MFA Mutual on the other, is not sound. As pointed out above, the interests of those respective defendants on the "permission" issue are antagonistic. Adjudication of that issue in the absence of either would be adjudication in the absence of a party who must be joined under Rule 19, F.R.Civ.P. Rule 19 requires joinder of parties (1) if in their absence "complete relief cannot be accorded among those already parties, or (2) [the party] claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in his absence may . . . leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest." MFA Mutual and the defendants Mackey and Hale obviously meet these requirements and their joinder is mandatory under the pragmatic tests of Rule 19 which govern this determination. Cf. Provident Tradesmens Bank and Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936, under which at least both MFA Mutual and Mackey must be regarded as indispensable, and Wright, Law of Federal Courts, 2d Ed., at pages 299–302. Therefore, none of them could be dropped to create diversity jurisdiction.[2]

It is recognized that discovery has been completed and this case is nearly ready for trial. It should be tried, if jurisdiction exists. However, jurisdiction does not exist and cannot be waived by any party to this action. If the case should proceed to final judgment, any party dissatisfied by the result can raise the question of jurisdiction for the first time after judgment and on appeal and thereby cause the judgment to be vacated. American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702.

It is therefore

Ordered that defendant MFA Mutual Insurance Company be, and it is hereby, realigned as a party plaintiff.

For the foregoing reasons, for lack of complete diversity of citizenship between plaintiffs on the one hand and all defendants on the other, it is

Adjudged that this cause be, and it is hereby, dismissed.

---

2. See also Travelers Indemnity Co. v. Standard Accident Insurance Company (C.A.7) 329 F. 2d 329, 331.