TIMBER RIDGE HOMEOWNERS ASSO-
CIATION, INC., et al., Plaintiffs,

v.

ALLSTATE DEVELOPMENT CORPO-
RATION et al., Defendants.

Civ. A. No. 78–C–82.

United States District Court,
E. D. Wisconsin.

June 29, 1979.

Bruce E. Schroeder, Schroeder, Ventura & Breitenbach, Kenosha, Wis., for plaintiffs.

Robert Kendall, Rothrock & Kendall, Kenosha, Wis., for defendants; Chatz, Sugarman, Abrams, Haber & Fagel, Chicago, Ill., of counsel.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for damages and for specific performance arising out of allegedly fraudulent misrepresentations in the sale of land. The action was originally filed in the County Court of Kenosha and removed to this court by a petition filed on February 8, 1978. Several motions are pending in the case, but since the plaintiffs' motion to remand this action to state court is being granted, this Court does not reach the other motions.

The complaint in this action alleges that Timber Ridge Homeowners Association, Inc., is a domestic corporation, and that the individual plaintiffs are residents of 125th Place in the Township of Pleasant Prairie, Wisconsin, and represent a class consisting of approximately 160 persons. The class is uncertified at the present time. The defendant Allstate Development Corporation ("Allstate") is incorporated in Illinois with local offices in the Township of Pleasant Prairie, Wisconsin. Defendant Associated Investors is a general partnership organized in Illinois with its principal offices in Chicago. The named defendants are Illinois residents and members of the partnership.

Plaintiffs further allege, among other things, that between June 1975 and the time the complaint was filed, plaintiffs and each member of the class purchased from Allstate Development Corporation a lot with residence in the Timber Ridge Subdivision, and that prior to the purchases Allstate allegedly made fraudulent representations to plaintiffs concerning the ownership of common properties by Timber Ridge Homeowners Association and the completed improvements on the property. Plaintiffs claim to have relied on these representa-

tions in purchasing the property, and claim that the properties purchased were worth less than they would have been had the representations been true.

The plaintiffs' primary contention in their motion to remand is that diversity jurisdiction required for removal under 28 U.S.C. § 1441 is absent. Specifically, they argue that because defendant Allstate's principal place of business was Wisconsin at the time of the filing of this suit, the corporation is a citizen of Wisconsin, and thus the complete diversity mandated by *Strawbridge v. Curtiss*, 7 U.S. 267, 2 L.Ed. 435 (1806) is lacking.

For diversity jurisdiction to lie, there must exist complete diversity between the parties. *Strawbridge v. Curtiss*, supra. A party's citizenship is determined at the time the suit is commenced. *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir. 1970). The burden of establishing diversity is on the party asserting it. *Tasner v. United States Industries, Inc.*, 379 F.Supp. 803 (D.C.Ill.1974).

Section 1332(c) of Title 28 U.S.C. provides:

"For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business * * *."

Although the determination of which state is a corporation's principal place of business is a legal question, the determination must be made on the particular facts of each case. *Kelly v. United States Steel, Corp.*, 284 F.2d 850 (3rd Cir. 1960).

The factual assertions in the record in this case are limited. The defendants do not deny that prior to October 1977, Allstate's principal place of business was Wisconsin. Defendants assert, however, that no purchases or sales of land were made by Allstate since October 28, 1977, and that on December 29, 1977, Allstate's certificate of authority to do business in Wisconsin was revoked. (Affidavit of Allen Rothman, filed April 3, 1978.) Since this action was filed on January 9, 1978, defendants maintain that Allstate's principal place of business was no longer Wisconsin.

Plaintiffs counter with the following facts. On November 4, 1977, Allstate by quitclaim deed conveyed to Vincent Kubiak lots 31 and 73 of the Timber Ridge Subdivision. On December 14, 1977, Allstate gave a mortgage against lot 31 of the Timber Ridge Subdivision to Topsfield Development, Inc. On February 6, 1978, Allstate accepted an offer to purchase a home and lot in Timber Ridge for the sum of $46,-000.00. On April 28, 1978, in a petition filed in the Bankruptcy Court for the United States District Court for the Eastern District of Wisconsin, Allstate alleged that its post office address was 12701 Green Bay Road, Kenosha, Wisconsin, and it is alleged that a vice president of the company is in the Wisconsin office daily. (Affidavit of Bruce E. Schroeder, filed May 10, 1978.)

Allstate does not dispute the facts pointed to by plaintiffs which show activities in Wisconsin subsequent to the filing of this suit. Rather, Allstate seeks to avoid the significance of its activities in Wisconsin subsequent to the commencement of this suit by claiming that these activities were part of the "winding down" of the affairs of the corporation. For this proposition defendants rely on *Gavin v. Read Corporation*, 356 F.Supp. 483 (E.D.Pa.1973), in which the Court found that a corporation winding up its affairs in Pennsylvania was no longer a citizen of that state.

That case is distinguishable in that the Read Corporation had closed its main office in Pennsylvania:

"* * * Furthermore, although Read may have had an office in Pennsylvania for sometime after August 6, 1968, there is no indication that it had one as of January 14, 1970 [the date of the commencement of the suit] * * *." 356 F.Supp., at 486.

In addition, Read did not possess any office equipment, have any employees, nor make any sales as of January 1970.

More importantly, the time between the cessation of activities and the commence-

ment of the suit in *Gavin*, supra, was almost one and one-half years, whereas in the instant case Allstate attempted to make a sale following the institution of this suit.

This Court finds that at the time of the filing of this suit, the defendant Allstate's principal place of business was in Wisconsin, and therefore the defendants have not met their burden of convincing this Court that diversity exists between the parties to this lawsuit, and the case is remanded to what is now the Circuit Court for Kenosha County. Since this action was improvidently removed to the federal court, any action, other than this decision and order, taken by this court or its clerk is null and void.

IT IS THEREFORE ORDERED that this action is remanded to the Circuit Court of Kenosha County, Wisconsin.