812 F.2d 556
 CO-EFFICIENT ENERGY SYSTEMS, dba Archer Energy Management
Systems, Plaintiff-Appellant,
v.
CSL INDUSTRIES, INC.; Industrial Management Systems, Inc.;
Jack Zuckerman; Walter Hudson, Robert U. Freeman;
Murray Scheer; Dave Singer,
Defendants-Appellees.
 No. 86-5862.
 United States Court of Appeals,
Ninth Circuit.
 Argued Feb. 4, 1987.
Submitted Feb. 17, 1987.
Decided March 11, 1987.
 
 Robert S. Lewin, Newport Beach, Cal., for plaintiff-appellant.
 George H. King and Robert P. Baker, Los Angeles, Cal., for defendants-appellees.
 Appeal From the United States District Court for the Central District of California.
 Before FERGUSON, NELSON and BEEZER, Circuit Judges.
 BEEZER, Circuit Judge:
 
 
 1
 Co-Efficient Energy Systems (Co-Efficient) filed a complaint in the district court alleging, inter alia, breach of contract. The complaint named two corporate defendants and five individual defendants.
 
 
 2
 The sole basis for federal jurisdiction alleged in the complaint is diversity of citizenship. One of the corporate defendants and all of the individual defendants are citizens of California. The district court dismissed the action for lack of subject matter jurisdiction, holding that the plaintiff, a Nevada corporation, has its principal place of business in California. We affirm.
 
 
 3
 * FACTS
 
 
 4
 The plaintiff corporation was incorporated in Nevada in 1981. The corporation underwent two name changes before acquiring its current name, Co-Efficient Energy Systems.[1] Ted Jenzen is currently the sole shareholder and director of Co-Efficient. Don Lape acted as an officer for Co-Efficient until he resigned in 1983. Lape signed the contract on which this lawsuit is based, listing a California address for the plaintiff. Jenzen has resided continuously in California since 1983 and he has maintained offices in Southern California since 1981. According to Jenzen, Co-Efficient is in the business of generating tax benefits through the buying and selling of energy management systems. Co-Efficient has no employees other than Jenzen. Since 1983 its only business activity has been the prosecution of this lawsuit.
 
 II
 ANALYSIS
 
 5
 The sole issue on appeal is whether Co-Efficient's principal place of business is California.
 
 Standard of Review
 
 6
 The district court identified and weighed various factors, including Jenzen's length of residence in California and the location of his offices, in reaching its conclusion that Co-Efficient's principal place of business is California. The district court's factual findings are reviewed under the clearly erroneous standard. Bruce v. United States, 759 F.2d 755, 758 (9th Cir.1985). The ultimate legal conclusion that the underlying facts are insufficient to establish diversity jurisdiction is subject to de novo review.
 
 Principal Place of Business
 
 7
 Under 28 U.S.C. Sec. 1332(c) a corporation is deemed a citizen of any state where it is incorporated and the state where it has its principal place of business. Diversity of citizenship is determined as of the time of the filing of the complaint (May 10, 1984). See Mann v. City of Tucson, 782 F.2d 790, 794 (9th Cir.1986). The district court held that Co-Efficient's principal place of business is California and dismissed this claim after noting that six of the seven defendants are California citizens.
 
 
 8
 The courts have created several tests for determining a corporation's principal place of business. Under the "nerve center test," developed in Scot Typewriter Co. v. Underwood Corp., 170 F.Supp. 862 (S.D.N.Y.1959), a corporation's principal place of business is where its executive and administrative functions are performed. In Kelly v. United States Steel Corporation, 284 F.2d 850 (3d Cir.1960), the Third Circuit developed the "center of corporate activity test." Under this rule the site of the corporation's production or service activities is the principal place of business. Finally, "the place of operations test," articulated in Inland Rubber Corp. v. Triple A Tire Service, Inc., 220 F.Supp. 490, 496 (S.D.N.Y.1963), requires a court to determine if any one state "contains a substantial predominance of corporate operations."
 
 
 9
 The district court concluded that under any of the above tests Co-Efficient's principal place of business is California. The court observed that Jenzen, the sole officer, director and shareholder of Co-Efficient, has resided continuously in California since 1983 and had offices there since 1981. Based on this finding, the court held that all of Co-Efficient's business decisions and activities were conducted by Jenzen in California.
 
 
 10
 On appeal, Co-Efficient asserts that it is an inactive corporation which exists solely for the purpose of prosecuting this action. Co-Efficient argues that as an inactive corporation it has no principal place of business and is only a citizen of the state of its incorporation (Nevada).
 
 
 11
 Co-Efficient's argument has a certain perverse logic. However, the record indicates that Co-Efficient is not inactive. Jenzen admits that Co-Efficient was created to engage in the business of buying energy management systems and generating tax shelters. The contract on which this lawsuit is based is evidence that Co-Efficient pursued this course of action with the defendant CSL. Simply because Co-Efficient is not engaged in traditional business activities in California, e.g., manufacturing goods or supplying services, it does not necessarily follow that Co-Efficient is an inactive corporation and has no principal place of business. Jenzen made business decisions, including the decision to contract with CSL and file this action. These decisions were made in California. Accordingly, the district court correctly concluded that Co-Efficient's principal place of business is California.[2]
 
 
 12
 Moreover, the legislative history for the 1958 amendment to 28 U.S.C. Sec. 1332 indicates that Congress sought to eliminate the availability of diversity jurisdiction in instances such as this. The Senate Report on the amendment states:
 
 
 13
 This fiction of stamping a corporation a citizen of the State of its incorporation has given rise to the evil whereby a local institution, engaged in a local business and in many cases locally owned, is enabled to bring its litigation into the Federal courts simply because it has obtained a corporate charter from another state.
 
 
 14
 ... It is a matter of common knowledge that such incorporations are primarily initiated to obtain some advantage taxwise in the State of incorporation.... It appears neither fair nor proper for such a corporation to avoid trial in the State where it has its principal place of business by resorting to a legal device not available to the individual citizen.
 
 
 15
 S.Rep. No. 1830, 85th Cong., 2d Sess., reprinted in 1958 U.S.Code Cong. & Admin.News 3099, 3101-02.
 
 
 16
 Jenzen admits he has resided continuously in California since 1983 and maintained offices there since 1981. He also admits that Co-Efficient was incorporated in Nevada to avoid corporate income tax. Additionally, the contract which is the subject of this dispute lists a California address for the plaintiff. Thus, Co-Efficient is a California institution engaged in business exclusively in California, owned and controlled by a self-confessed Californian. Allowing this action to proceed in federal court on the basis of diversity jurisdiction by concluding that Co-Efficient is only a citizen of Nevada would defeat the congressional intent underlying the 1958 Amendment to 28 U.S.C. Sec. 1332(c). This is a straightforward contract dispute between California citizens that should be tried in California state court.
 
 AFFIRMED
 
 
 [1]
 The company was originally named Archer Energy Management Systems. Its name was changed to Energy Management Systems before it acquired its current name
 
 
 [2]
 Co-Efficient cites and relies on Gavin v. Read Corp., 356 F.Supp. 483 (E.D.Pa.1973). In this case the defendant, Read Corporation, was a bona fide business engaged in the manufacture and design of power rolls. Its main manufacturing facility was located in York, Pa. Prior to the commencement of Gavin's suit, Read sold its assets, ceased operations in Pennsylvania and proceeded to wind up its business affairs. The district court concluded that under these circumstances Read no longer had its principal place of business in Pennsylvania. The court further concluded that Read was only a citizen of Delaware, the state of its incorporation. Gavin v. Read Corp. is distinguishable. Unlike Read Corporation, Co-Efficient is as active now as it ever was. Co-Efficient has not formally terminated its operations and engaged in winding up procedures. Moreover, there is no evidence in the record that Co-Efficient has permanently abandoned its efforts seeking investment opportunities and tax benefits