COMTEC, INC., et al., Plaintiffs,

v.

NATIONAL TECHNICAL SCHOOLS, et al., Defendants.

No. CIV 88-1867 PHX CAM.

United States District Court,
D. Arizona.

April 11, 1989.

M.E. Rake, Jr., O'Connor Cavanagh Anderson Westover Killingsworth & Beshears, Phoenix, Ariz., for plaintiffs and counter-defendants.

Gary L. Stuart, John A. Micheaels, Jennings, Strouss & Salmon, Phoenix, Ariz., for defendants and counter-claimant.

## ORDER

MUECKE, District Judge.

Defendant United Education and Software removed this case to federal court on the basis of diversity jurisdiction. Plaintiff Comtec, Inc. (Comtec) moves to remand this case to state court, arguing that even though its business activity has ceased, its principal place of business is California.

### BACKGROUND

Comtec is a Nevada corporation. In the complaint, Comtec stated that its principal place of business is in California. When Comtec was actively engaging in business, California accounted for fifty percent of its business. Comtec had four offices in California, one of which controlled payroll and accounts receivable; paid corporate bills; performed the computer operation for the entire corporation; and employed the largest number of workers. As of February, 1988, however, Comtec ceased its business activity and began "winding up old business." All Comtec offices were closed as early as September, 1988 and, at the latest, by November 1, 1988. The Carlsbad, California office was the last office closed. Although Comtec still owns some accounts receivable, it has not had any employees or owned any tangible assets anywhere since September, 1988.

The other plaintiffs, Bernard Robbins and Herbert Leber, are residents of Arizona. Defendant National Technical Schools is a Delaware corporation with its principal place of business in California. Defendant United Education and Software is a California corporation with its principal place of business in California.

Defendants removed this action on November 14, 1988. Comtec timely filed this motion to remand.

## ANALYSIS

 When an action is removed on the basis of diversity jurisdiction, the requisite diversity must exist at the time of removal. *See Miller v. Grgurich,* 763 F.2d 372, 373 (9th Cir.1985) (Kennedy, J.). Generally, the Court can examine the notice of removal and the complaint to determine whether the requisite diversity exists. *See Powers v. Chesapeake & Ohio Ry.,* 169 U.S. 92, 101, 18 S.Ct. 264, 267, 42 L.Ed. 673 (1898) (court should examine the notice of removal to determine if diversity exists); *Miller,* 763 F.2d at 373 (court should examine notice of removal and complaint). The burden of establishing jurisdiction is upon the party seeking removal. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988). The removal statute is to be strictly construed against removal jurisdiction. *See id.*

Under 28 U.S.C. § 1332(c), a corporation is a citizen of the state of its incorporation and the state where it has its principal place of business. The issue here is whether Comtec has a principal place of business and, if so, where that principal place of business should be. The resolution of this issue requires an analysis of the legislative history of § 1332(c) and the cases cited by the parties.

### A. *Legislative History*

Over ninety years ago, the Supreme Court held that for purposes of diversity of citizenship, a corporation is a citizen of the state in which it is incorporated. *See St. Louis and S.F. Ry. Co. v. James,* 161 U.S. 545, 562, 16 S.Ct. 621, 627, 40 L.Ed. 802 (1896); *see also Louisville, Cincinnati & Charleston R.R. Co. v. Letson,* 43 U.S. (2

How.) 497, 555, 11 L.Ed. 353 (1844) (holding that a corporation created by a state is an artificial person inhabiting that state). In the 1950's, Congress became concerned with the ease with which corporations removed cases to federal court based solely on their place of incorporation. *See Jurisdiction of Federal Courts Concerning Diversity of Citizenship: Hearings on H.R. 2516 and H.R. 4497 Before Subcomm. No. 3 of the House Comm. on the Judiciary,* 85th Cong., 1st Sess. 8 (1957) (statement of Rep. Ashley) (hereinafter *Hearings on H.R. 2515 and 4497*); 104 Cong.Rec. 12683–85 (1958). Congress acknowledged the fact that the state of incorporation is often chosen for tax purposes. *See* S.Rep. No. 1830, 85th Cong., 2d Sess., *reprinted in* 1958 U.S.Code Cong. & Ad.News 3099, 3102. The debate on the floor of the House, the discussions in congressional committees, and the statements made to the Judicial Conference of the United States, all centered around the perceived evil of allowing an essentially local corporation to remove a case to federal court simply because the corporate charter was obtained in another state. *See* S.Rep. No. 1830, *reprinted in* 1958 U.S.Code Cong. & Ad.News, at 3101–02; 104 Cong.Rec. 12683, 12685 (1958) (statement of Rep. Celler); *Hearings on H.R. 2515 and 4497,* at 8 (statement of Rep. Ashley); Report of Committee on Jurisdiction and Venue, *reprinted in* 1958 U.S.Code Cong. & Ad. News 3114, 3120. To remedy this problem, Congress amended 28 U.S.C. § 1332(c) in 1958.

In amending § 1332(c), Congress rejected a proposal that a corporation would be a citizen of every state in which it is doing business and a proposal that a corporation would be a citizen of a state in which it receives more than one half of its gross income.[1] *See* 13B C. Wright, A. Miller &

---

1. Congress rejected the two earlier proposals because the principal place of business standard was a simpler and more familiar criterion for the federal courts to apply. *See* 13B Wright & Miller, § 3624, at 605. The insertion of the principal place of business standard in the 1958 amendment was modeled after provisions in an earlier version of the bankruptcy statutes. *See*

S.Rep. No. 1830, 85th Cong., 2d Sess. *reprinted in* 1958 U.S. Code Cong. and Admin.News 3099, 3102; *Hearings on H.R. 2515 and 4497,* at 8, 37 (statements of Rep. Ashley and Judge Maris); Friedenthal, *New Limitations on Federal Jurisdiction,* 11 Stan.L.Rev. 213, 222–24 (1959). Under the proposal that a corporation would be a citizen of a state in which it had over fifty

E. Cooper *Federal Practice and Procedure* § 3624, at 604 (2d ed. 1984) (hereinafter Wright & Miller); *see also Hearings on H.R. 2515 and 4497*, at 36 (statement of Judge Maris [2]) (the Judicial Conference rejected the fifty percent test because its application would be difficult and would require evidence); Report of Committee on Jurisdiction and Venue of the Judicial Conference of the United States, *reprinted in* 1958 U.S.Code Cong. & Ad.News, 3114, 3119–20 (discussing why it is not advisable to make corporations citizens of the states in which they do business and the merits of the one half of gross income standard). Congress amended § 1332(c) to make a corporation a citizen of both its state of incorporation and its principal place of business. The statute contains the implicit assumption that all corporations have a principal place of business. *See Inland Rubber Corp. v. Triple A Tire Serv., Inc.*, 220 F.Supp. 490, 494 (S.D.N.Y.1963).

**B.** *Judicial Interpretations of § 1332(c)*

The Court has found only a few cases dealing with factual situations similar to the one here. The cases that the Court found, or that the parties have cited, are split as to the resolution of this matter.

Defendants urge this Court to adopt a line of cases that holds that when a corporation has ceased business activity, diversity jurisdiction is determined only by reference to the state of incorporation. *See Gavin v. Read Corp.*, 356 F.Supp. 483, 486 (E.D.Pa.1973). While it may be refreshing for courts to acknowledge the fact that a corporation in the process of winding down does not truly have a principal place of business,[3] *see Sanders Co. Plumbing and Heating, Inc. v. B.B. Anderson Constr. Co., Inc.*, 660 F.Supp. 752, 756 (D.Kan. 1987), such a conclusion is inconsistent with the language of § 1332(c), the clear intent of Congress, and earlier bankruptcy cases interpreting the phrase "principal place of business."

Section 1332(c) states that corporate diversity is based on both the place of incorporation *and* principal place of business. By using the conjunction "and," Congress intended for all of the requirements of the statute to be fulfilled. *See* S.Rep. No. 1830, *reprinted in* 1958 U.S.Code Cong. & Ad.News, at 3102 ("corporation shall be regarded not only as a citizen of the State of its incorporation, but also as a citizen of the State in which it maintains its principal place of business"); 104 Cong.Rec. at 12684 (statement of Rep. Cellar) (statute requires that both standards be satisfied); *see also New Hampshire Auto. Dealers Ass'n v. General Motors Corp.*, 620 F.Supp. 1150, 1157–58 (D.N.H.1985) (use of conjunction "and" requires all elements to be present); 1A N. Singer, *Sutherland Statutory Construction* § 21.14 (Sands

---

percent of its revenues, many corporations would not have had a "principal place of business." *See Inland Rubber Corp. v. Triple A Tire Serv., Inc.*, 220 F.Supp. 490, 494 (S.D.N.Y.1963).

**2.** Judge Maris was the Chairman of the Committee on the Revision of the Laws of the Judicial Conference of the United States, which had been working on proposed amendments to the diversity statute since 1951.

**3.** When a corporation is winding down, there is an argument to be made that its principal place of business is the state from which the corporation is making its final decisions. In this case, for example, the record shows that Comtec's final activities were conducted in California. Comtec still had a California office when this lawsuit began in October, 1988. Comtec officials were still making corporate decisions as to how to wind down its affairs. The record shows that Comtec still owns accounts receivable. Arguably, in October, 1988, the "business" of Comtec is winding down and not producing goods or services. *Cf. Inland Rubber*, 220 F.Supp. at 495 (repeated use of phrase "doing business" suggests that legislators intended to tie, to the extent reasonably possible, corporate citizenship to the realities of corporate business activity); *Hearings on H.R. 2516 and 4497*, at 37 (statement of Judge Maris) (principal place of business is an actual rather than theoretical or legal concept; it is the actual place where operations coordinated, carried out, accounts are kept, and payments made); 13B Wright & Miller, § 3625, at 637 (courts should consider the entire corporation, its purposes, the activities it carries out, and the extent and location of the activities). This argument is consistent with the language of § 1332(c) because it utilizes the corporations state of incorporation and the state from which the corporation is conducting its final business activities.

4th ed. 1985) (same). The conclusion that a defunct corporation has no principal place of business disregards one element that is a prerequisite to diversity jurisdiction.

The conclusion that a defunct corporation has no principal place of business also conflicts with the intent of Congress. Under such a rule, a defunct corporation, no matter how local in character, could remove a case to federal court based on its state of incorporation. *See Puerto Rico Maritime Shipping Auth. v. Star Lines, Ltd.*, No. 78 Civ 602 (WCC) (S.D.N.Y. Nov. 22, 1979) (*cited in Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 608 F.Supp. 1261, 1263 (S.D.N.Y.1985)). The clear intent of Congress in enacting the 1958 amendment was to prohibit such maneuvers. *See* S.Rep. No. 1830, *reprinted in* 1958 U.S.Code Cong. & Ad.News, at 3101–02; 104 Cong.Rec. 12683, 12685 (1958) (statement of Rep. Celler); *Hearings on H.R. 2515 and 4497*, at 8 (statement of Rep. Ashley); Report of Committee on Jurisdiction and Venue, *reprinted in* 1958 U.S. Code Cong. & Ad.News 3114, 3120.

In *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 608 F.Supp. 1261 (S.D.N.Y.1985), the district court held that the principal place of business of a corporation that is inactive at the beginning of a lawsuit is the state of the corporation's last business activity. 608 F.Supp. at 1263. *Passalacqua* is a more recent pronouncement of a rule announced by the Second Circuit over forty years ago.

In *Fada of New York, Inc. v. Organization Serv. Co.*, 125 F.2d 120 (2d Cir.1942) (per curiam), the Second Circuit rejected the argument of the bankrupt that the district court lacked jurisdiction because New York was not a place of business at least six months preceding the filing of the bankruptcy petition. Because New York *had been* a principal place of business, the Second Circuit ruled that the bankruptcy petition had been properly filed in New York.[4] 125 F.2d at 121. *Fada* is instruc-

tive here because Congress amended § 1332(c) to follow similar provisions in the bankruptcy laws. *See* S.Rep. No. 1830, *reprinted in* 1958 U.S.Code Cong. & Ad. News, at 3102; *Hearings on H.R. 2515 and 4497*, at 8, 37 (statements of Rep. Ashley and Judge Maris); Friedenthal, *New Limitations on Federal Jurisdiction*, 11 Stan.L.Rev. 213, 222–24 (1959).

■ The Court finds that there is no legal reason to rule that Comtec had no principal place of business. If this Court were to adopt defendants' argument, the Court's ruling would be in conflict with the clear language of § 1332(c) and the intent of Congress in amending it. Moreover, bankruptcy case law, which is instructive in this context, holds that a defunct corporation has a principal place of business in the state of its last business activity. The Court declines defendants' suggestion that it follow *Gavin*.

In this case, Comtec's last principal place of business was California. For purposes of diversity jurisdiction, this Court concludes that California is still Comtec's principal place of business. *See Fada*, 125 F.2d at 121; *Passalacqua*, 608 F.Supp. at 1263. There is not total diversity here because Plaintiff Comtec and defendants all have their principal place of business in California. Therefore, this case must be remanded to state court.

## CONCLUSION

A district court (a court of limited jurisdiction) cannot simply disregard one of the bases for diversity jurisdiction. Just as this Court cannot disregard the amount in controversy, it also cannot turn its head and say that corporations do not have a principal place of business. Congress specifically amended § 1332(c) to add principal place of business as a *requirement* for corporate diversity jurisdiction. It is up to Congress to amend its statute and create an exception for defunct corporations.

---

4. Under the bankruptcy statutes existing at the time, the courts had jurisdiction either in the domicile of the bankrupt or the principal place of business. The Second Circuit rejected the argument that the only proper jurisdiction was the domicile of the corporation. 125 F.2d at 121.

IT IS THEREFORE ORDERED that plaintiff's motion to remand is granted. The hearing on the motion to dismiss, scheduled for Friday, April 14, 1989 is vacated. The motion to dismiss shall be decided by the superior court.