CHINA BASIN PROPERTIES, LTD., a California Partnership, Plaintiff,

v.

ONE PASS, INC., a Delaware Corporation and Banta Corporation, a Wisconsin Corporation, Defendants.

No. C-91-4124 SAW.

United States District Court, N.D. California.

Feb. 8, 1993.

 

substantially destroyed by fire. Immediately after the fire, One Pass moved its business to another San Francisco location and informed Plaintiff of its intent to terminate the lease. By September, One Pass had decided to wind down business operations. By mid-November, One Pass had sold all of the video equipment that survived the fire and had terminated all but two of its employees.

Alleging diversity jurisdiction, Plaintiff brought this action for alleged breach of lease contract against One Pass and Banta on November 21, 1991. Defendants move to dismiss pursuant to Fed.R.Civ.P. 12(b)(1). Defendants contend that the Court lacks jurisdiction because there is no diversity of citizenship between Plaintiff and Defendants.

## II. Discussion

### A. Diversity Jurisdiction

For the exercise of subject matter jurisdiction to be proper in a diversity case, no plaintiff can be a citizen of the same state as any defendant. 28 U.S.C. § 1332; *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978). Diversity is determined as of the time the complaint was filed, *Mann v. City of Tuscon*, 782 F.2d 790, 794 (9th Cir.1986) and the burden of proving jurisdictional facts is on the party asserting jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182, 56 S.Ct. 780, 782, 80 L.Ed. 1135 (1936); *Fenton v. Freedman*, 748 F.2d 1358, 1359 n. 1 (9th Cir.1984). The diversity statute is construed strictly and doubts are resolved against finding jurisdiction. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir.1983).

For diversity purposes, the citizenship of Plaintiff, a partnership, is determined by the citizenship of the individual partners. *See City of Clinton, Illinois v. Moffitt*, 812 F.2d 341, 342 (7th Cir.1987). Each partner of Plaintiff partnership is a citizen of California. Thus, Plaintiff is a California citizen for diversity purposes.

Shelley Antonio, Law Office of Dennis Birkhimer, San Francisco, CA, for plaintiff.

Bernard Zimmerman, Pillsbury, Madison & Sutro, San Francisco, CA, for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

### I. Background

Plaintiff is a California Partnership which owns and operates China Basin Landing, a San Francisco commercial real estate development. Defendant One Pass is a video recording and post-production business incorporated in Delaware. One Pass is a wholly owned subsidiary of Defendant Banta, a Wisconsin corporation with its principal place of business in Wisconsin.

Prior to July, 1991, One Pass conducted its business from certain premises at China Basin Landing which it leased from Plaintiff. On July 12, 1991, said premises were

■ A corporation is a citizen of the state in which it is incorporated and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Industrial Tectonics Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir.1990). As a Wisconsin corporation with its principal place of business in Wisconsin, Banta is a Wisconsin citizen for diversity purposes.

**B. Citizenship of Inactive Corporations**

■ The dispute in this case focuses on the citizenship of One Pass. Plaintiff argues that because One Pass was an inactive corporation on the date the complaint was filed, it had no principal place of business and was a citizen only of Delaware, its place of incorporation. *See also Gavin v. Read Corp.*, 356 F.Supp. 483, 486 (E.D.Pa. 1973). Plaintiff further contends that because Plaintiff is a citizen of California and One Pass is a citizen of Delaware, complete diversity exists.

Defendants assert, however, that when a corporation is winding down or has ceased its business activity, it is a citizen both of its state of incorporation and of its last principal place of business. *See also Comtec, Inc. v. National Technical Schools*, 711 F.Supp. 522, 525 (D.Ariz.1989). Defendants contend that because One Pass' last principal place of business was California, One Pass was a citizen both of Delaware and of California on the date the complaint was filed. Because Plaintiff is also a California citizen, argue Defendants, the parties are not of diverse citizenship and the Court has no jurisdiction.

While the Ninth Circuit has never ruled on which view of the citizenship of a defunct corporation is proper, Defendants' reading comports more closely with the plain meaning of 28 U.S.C. § 1332(c), its legislative history and congressional intent.

*See China Basin Properties, Ltd. v. Allendale Mutual Insurance Co.*, 1992 U.S.Dist.Lexis 13489 (N.D.Cal. Aug. 17, 1992) (concluding that defunct corporation is citizen of state of incorporation and principal place of business).

Section 1332(c) expressly states that corporate citizenship for diversity purposes is determined both by the corporation's place of incorporation *and* its principal place of business. The use of the conjunction "and" implies that Congress intended all elements to be met before diversity jurisdiction will attach. *See* 104 Cong.Rec. at 12684 (statement of Rep. Cellar) (statute requires that both standards be satisfied).

Moreover, the legislative history of the 1958 amendment to 28 U.S.C. § 1332 makes clear that Congress added the "principal place of business" requirement to prevent corporations from invoking diversity jurisdiction in localities in which they have established local ties.[1] Under the rule Plaintiff proposes, a defunct corporation, no matter how local in character, could remove a case to federal court based on its state of incorporation. Such a rule would be contrary to Congress' clearly expressed intention.

Moreover, diversity jurisdiction was created to allow litigants to avoid local prejudice in state courts by providing a "neutral" federal forum for citizens of foreign states or countries. *Guaranty Trust Co. v. York*, 326 U.S. 99, 111, 65 S.Ct. 1464, 1471, 89 L.Ed. 2079 (1945). One Pass, a corporation which, when active, had its principal place of business in California, is unlikely to suffer local prejudice in California state courts. Thus, the policy behind the creation of diversity jurisdiction does not apply in this case.

---

1. The Senate Report accompanying the amendment noted:

> The fiction of stamping a corporation a citizen of the State of its incorporation has given rise to an evil whereby a local institution, engaged in a local business and in many cases locally owned, is enabled to bring its litigation into the Federal courts simply because it has obtained a corporate charter from another state.... It appears neither fair nor proper for such a corporation to avoid trial in the State where it has its principal place of business by resorting to a legal device not available to the individual citizen.

S.Rep. No. 1830, 85th Cong., 2d Sess., reprinted in 1958 U.S.Code Cong. and Admin.News 3099, 3101–02.

## C. One Pass' Principal Place of Business

 Plaintiff contends that even if the Court looks beyond the place of incorporation to the principal place of business to determine the citizenship of One Pass, One Pass' last principal place of business was Wisconsin. Plaintiff argues that during the winding down process, Banta exercised "extraordinary dominion and control" over One Pass such that Banta was directing One Pass' business from Banta's Wisconsin office. Plaintiff, thus, argues that Banta's principal place of business should be imputed to One Pass.

Plaintiff has failed, however, to adduce any compelling evidence to support this contention. To the contrary, the record reflects that One Pass employees sold the equipment that was salvaged from the fire, paid its bills from a local account, and oversaw its corporate wind down. While Banta was involved in collecting the fire insurance proceeds, this fact, in itself, does not constitute the exercise of extraordinary dominion and control.

 In the alternative, Plaintiff argues that Banta was the alter ego of One Pass. Plaintiff asks the court to "pierce the corporate veil" and to recognize that, at the time the complaint was filed, One Pass had no identity separate from that of Banta.

For diversity purposes, a parent and its subsidiary are treated as separate entities with separate principal places of business. *Lurie v. Loew's San Francisco Hotel Corp.*, 315 F.Supp. 405, 410 (N.D.Cal.1970). However, a court may "pierce the corporate veil" and disregard the separate corporate existence of a subsidiary if the corporation fails to observe the formalities of corporate separation. *See Cannon Mfg. v. Cudahy Co.*, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925). Plaintiff has produced no evidence of non-observance of corporate formalities. As a result, the Court will not abandon the presumption that One Pass and Banta are separate entities.

Thus, One Pass is a citizen of both California and Delaware for diversity purposes. Because Plaintiff is also a citizen of California, the parties lack complete diversity and the Court is without jurisdiction to hear Plaintiff's claims against One Pass.

Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is GRANTED.