**Bernard J. RONIS, Plaintiff,**

v.

**TERRY DINTENFASS, INC., Terry Dintenfass and William Janss, Defendants.**

**No. 85 Civ. 3931 (WCC).**

United States District Court, S.D. New York.

July 13, 1988.

**926**

Colamarino Law Offices, New York City, for plaintiff; Leonard J. Colamarino, of counsel.

Rosenman & Colin, New York City, for defendants Terry Dintenfass, Inc. and Terry Dintenfass; Gilbert S. Edelson, Marc E. Kasowitz, Denise R. Scruton, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

In an opinion and order dated January 25, 1988, this Court denied the motion for summary judgment of defendants Terry Dintenfass, Inc., Terry Dintenfass and William Janss. Familiarity with that opinion is presumed. Thereafter, defendants Terry Dintenfass, Inc. and Terry Dintenfass moved for reargument of that motion. For the reasons outlined below, defendants' motion for reargument is denied.

It is well settled that "the only proper ground for a motion for reargument is that the court has overlooked matters or controlling decisions which, had they been considered, might reasonably have altered the result reached by the court." *William Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 611 F.Supp. 281, 283 (S.D.N.Y.1985). In the brief submitted in support of the motion for reargument, defendants maintain that the Court overlooked two pivotal factual issues in reaching its decision. First, defendant claims that Ronis has conceded that the fair market value of the painting "Seagull" by Arthur Dove was $60,000 in 1979. In fact, however, Ronis' entire claim for fraud is based on his assertion that the painting was worth substantially more than $60,000 in 1979. To prove his contention, Ronis points to the sale of the painting by Dintenfass to Janss for which Janss paid $60,000 and agreed to give Dintenfass one-half of any profits on resale. The obvious implication, according to plaintiff, is that outright ownership of the painting was worth more than $60,000 in 1979 and that Dintenfass and Janss both recognized it. While there may be other explanations for this arrangement between Dintenfass and Janss, the Court considered this possibility in its initial decision and, after viewing the evidence in a light most favorable to the party opposing the motion for summary judgment, held that these factual issues must ultimately be resolved at trial by a jury.

The second issue which defendants maintain the Court overlooked is that, according to defendants, Ronis waived his rights to recover the painting by accepting a check for $69,438.48 in 1982 which, according to defendants, represented the fair market value of the painting in 1979 plus interest from that time. Here, again, the question of whether a waiver occurred will turn on the jury's resolution of certain factual issues, including whether Dintenfass made fraudulent misrepresentations—concerning her relationship with Janss, the value of the painting, and its whereabouts in 1982—in order to induce Ronis to accept the $69,438.48 check. The jury will also need to evaluate whether Ronis justifiably relied on these alleged misrepresentations.

Finally, with regard to the alleged conspiracy between Dintenfass and Janss, the fact that the sale of "Seagull" to Janss allegedly included a clause which provided that Dintenfass would receive one-half the profits on resale, provides some evidence that there may have been a conspiracy. Further, the alleged collective efforts of Dintenfass and Janss to use their possession of "Seagull" to pressure Ronis to surrender to them future rights in the remainder of his art collection may be further evidence of an alleged conspiracy. This evidence, when viewed in a light most favorable to plaintiff, clearly precludes summary judgment on this conspiracy issue.

In its original opinion and order denying defendants motion for summary judgment, the Court considered all of the facts and

legal arguments advanced by defendants in their motion for reargument. The motion for reargument is accordingly denied.

So ordered.