HENRY CONKLIN, Appellant, *v.* WILLIAM H. FURMAN et al.,
Respondents.

As under the provisions of the "Act to provide for the incorporation of companies to construct plank-roads," etc. (chap. 210, Laws of 1847), in order to enforce the personal liability given by said act (§ 44) against stockholders, provision is made that a joint action may be prosecuted against the company and any one or more stockholders liable to contribute to the payment of its debts; the moment a cause of action accrues against the company it accrues against each stockholder liable, and as to them the statute of limitations begins to run. If therefore an action against a stockholder is not commenced within the period prescribed by the statute of limitations, it is barred. (EARL, C., dissenting.)

(Argued January 6, 1872; decided May term, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial district, reversing a judgment entered upon the decision of the court upon a trial at circuit, without a jury, and ordering a new trial.

This action was brought in June, 1862, against the defendants, who, as the complaint alleged, were severally stockholders in the Newtown and North Hempstead Plank-road Company, organized in 1854 under "An act to provide for the incorporation of companies to construct plank-roads, and companies to construct turnpike roads," passed May 7th, 1847, which company, as the complaint also alleged, became in January, 1855, indebted to the plaintiff, "to the amount of several thousand dollars," for services performed and materials furnished by him to the company in the construction of its road; that on the first of June of the same year (1855) he commenced an action in the Supreme Court of this State against the company to recover the indebtedness of the company to him, and on the ninth day of August, 1860, he recovered judgment therefor for the sum of $5,493.97, and issued execution thereon to the sheriff of the proper county, which was returned unsatisfied, except twenty-five dollars, and that the balance remains unpaid; that defendants were respectively liable to the amount of stock (stating it) subscribed and held

by each of them. The answer, among other things, set up the statute of limitations. On the trial the plaintiff proved the recovery of judgment and the issuing and return of execution thereon, as stated in his complaint, and rested. Whereupon the defendant moved a nonsuit upon the ground, among others, that the action was barred by the statute of limitations. The motion was overruled and the defendant excepted. The court ordered judgment in accordance with the plaintiff's claim, which was accordingly entered.

*Samuel Hand* for the appellant. In the construction of a statute, effect should be given to every part of it. (1 Black. Com., 89; 2 Rol., 27; 17 J., 475, 477; Potter's Dwarris, 189; 2 Story Rol., 389.)

*Abraham Lott* for the respondent. Plaintiff's right is barred by the statute of limitations. (*Corning* v. *McCullough*, 1 Com., 54–56, 75, 76; *Bailey* v. *Boucher*, 3 Hill., 188; *Wetherhead* v. *Allen*, 28 Barb., 661.)

Gray, C. The act of 1847, under which the company in which the defendants are stockholders was organized, made the respective stockholders therein liable for the debts of the company, to a limited extent (chap. 210, Sess. Laws, 1847, § 44), and, in order to enforce the collection of such debt, provision was made, by § 46 of the same act, that the creditor, prosecuting the company for the recovery of the same, might include one or more of the stockholders liable to contribute to its payment but in case of a recovery against the company and the stockholders, no execution could be levied on the property of the stockholders, except for such deficiency as might remain unsatisfied after the property of the company had been levied upon and applied thereto. The moment the right of action accrued against the company it accrued against each stockholder, and unless the action was commenced within six years after it accrued, it was barred (Code, § 91), unless a different limitation is prescribed by statute, in § 74, or unless

the action has been stayed by injunction, or statutory prohibition in § 105. It is not pretended that this action was commenced within six years after the cause of action accrued against the company and the defendants, or that any different limitation than six years has been prescribed for commencing an action against the company and the defendants, as stockholders, and prosecuting the same with precisely the same results that would follow suing the company to judgment first, and then, in case of the return of an unsatisfied execution, suing the stockholders; but it is insisted that because, by the same section which authorized the suing the company and the stockholders jointly, permission was given after judgment should be recovered in a separate action against the company, and an execution thereon should be returned unsatisfied, and not before, to sue one or more of the stockholders for the recovery of the debt, that the action against the stockholders was not barred until the expiration of six years after the return of the execution against the company. It should be borne in mind that the result is the same whether the stockholders are sued jointly with the company or separately, after judgment and execution against the company; in either case the property of the stockholders is exempt from levy, except for whatever deficiency may remain after the property of the company has been levied upon and applied to the extinguishment of the debt; and hence that no advantage could result to the creditor by prosecuting the company and the stockholders separately that would not result from a joint action against both. "The statute of limitations was intended as a statute of repose, to prevent fraud and to afford security against stale demands which might be made after the true state of the transaction may have been forgotten, or be incapable of explanation by reason of the death or removal of witnesses." If permission to sue the stockholders separately, after judgment and execution against the company, could give the creditor more than six years after the cause of action accrued against both, then the creditor might, on the last day of the six years after the cause of action accrued, sue the company; and then, in case

of a recovery of judgment and return of an execution thereon unsatisfied, delay until the last day of another six years, and then sue the stockholders; so that, in the event of his disposition to sue separately, the right of action would be extended more than twelve years instead of six; and if it should happen that the litigation against the company should be protracted (as is often the case) ten or more years, that period added would extend the limitation more than twenty years from the accruing of the action, during the whole of which the stockholders may remain in ignorance of even an assumption of a claim against the company, and subject, if the ground taken by the plaintiff can be sustained, to all the evils of delay against which it was the object of the statute to guard. Unless, therefore, there is to be found an express provision or an implication necessarily implied from an express provision of the statute, fixing a different limitation than six years after the cause of action accrued against the company and the stockholders jointly, this action should be held to be barred. That more than six years before the commencement of this action elapsed after an action accrued in which the company and the defendants might have been sued jointly, is not doubted; and that no advantages could accrue to the plaintiff in this action that would not have accrued in that. Where, under such circumstances, the right to sue accrued, " the obligation of diligence attached and laches began," the plaintiff was not hindered from pursuing a complete remedy, " by injunction or any statutory prohibition." He doubtless had the right to sue the company first; the statute gave it to him, but it did not compel him to take it; his election was voluntary, and at the risk of collecting his debt against the company, or having his claim against the stockholders barred before his litigation with the company should terminate, unless he should voluntarily abandon it and avail himself of his joint action, in which he had a complete remedy. For the reasons stated I am for affirming the judgment appealed from.

EARL, C. (dissenting.) Section 44 of the plank-road act (chap.

210, Laws of 1847) provides that the stockholders of every plank-road company "shall be liable in their individual capacity for the payment of the debts of such company for an amount equal to the amount of the stock severally held by them over and above such stock;" and it is provided in section 46 that "in any action against any corporation formed under the provisions of this act, the plaintiff may include as defendants any one or more of the stockholders of such company who shall, by virtue of the provisions of this act, be claimed to be liable to contribute to the payment of the plaintiff's claim; and if judgment be given against such company in favor of the plaintiff, for his claim or any part thereof, and any one or more of the stockholders, so made defendants, shall be found to be liable as aforesaid, judgment shall also be given against him or them, and shall show the extent of his or their liability individually;" but the execution on such judgment can only be levied on the property of the stockholders for any deficiency that may remain unsatisfied after the property of the company has been levied on and applied thereto.

The same section also declares that " suits may be brought against one or more stockholders, who are claimed to be liable for any debt owing by the company, or any part of such debt, without joining the company in such suit; but no such suit shall be so brought until judgment on the demand shall have been obtained against the company, and execution thereon returned unsatisfied, in whole or in part, or the company shall have been dissolved."

It will thus be seen that two remedies are given to every creditor of such company, of which he has the choice; to sue the company and join in such suit any of the stockholders; or to sue any of the stockholders after he has first sued the company, and has failed by an execution to obtain satisfaction; and in this case the latter choice was made.

This action was commenced more than six years after the debt was created, but within about one year after the execution in the suit against the company had been returned unsatisfied.

The General Term held that the action was barred by the statute of limitations, and upon that ground alone reversed the judgment in favor of the plaintiff entered at the circuit, and granted a new trial.

The plaintiff claims that his cause of action is saved from the statute of limitations by section 105 of the Code, which provides that " when the commencement of an action shall be stayed by injunction or statutory prohibition, the time of the continuation of the injunction or prohibition shall not be part of the time limited for the commencement of the action."

I am of the opinion that the action was not barred. It did not accrue, and could not have been commenced until the execution against the company was returned unsatisfied; and hence the time limited for its commencement is to be computed from that time. (Angell on Lim., 46.) It matters not that the plaintiff might have pursued his remedy in another form against the company and any of the stockholders. He was not obliged to pursue that remedy. He had the right to rely upon this action as his remedy. And the only question for us to consider is, when he had the right to commence this action, and this, we find, was in June, 1861. Hence, the General Term erred in holding that the action was barred.

For affirmance, GRAY, LEONARD and HUNT, CC.

For reversal, EARL, C. ; LOTT, Ch. C., not sitting.

Judgment affirmed.