**WM. PASSALACQUA BUILDERS, INC., and Safeco Insurance Company of America and General Insurance Company of America, Plaintiffs,**

v.

**RESNICK DEVELOPERS SOUTH, INC., Jack Resnick, Burton Resnick, 90079, Inc., Jack Resnick & Sons, Inc., Sunrise Builders, Inc., Jack Resnick & Sons of Florida, Inc., Resnick of Boca, Inc., PJFAM Investments, Inc., Resnick Development Corporation, Pearl Resnick, Judith Resnick, Ira Resnick, Marilyn Katz, Stanley Katz, Susan Abrams, John Doe, John Doe, Inc., Defendants.**

No. 82 Civ. 3954 (DNE).

United States District Court, S.D. New York.

May 16, 1985.

---

Peterson Young Self & Asselin, Atlanta, Ga., David J. Larson, of counsel, and Frank J. Franzino, New York City, for plaintiffs.

Kronish, Lieb, Shainswit, Weiner & Hellman, New York City, Brian J. Gallagher & Richard Wynne, of counsel, for defendants.

## OPINION AND ORDER

EDELSTEIN, District Judge.

This diversity action involves the enforcement of a judgment obtained by Wm. Passalacqua Builders, Inc. ("Passalacqua") against Resnick Developers South, Inc. ("Developers"). The defendants move for summary judgment contending that the court lacks subject matter jurisdiction, that the claims against all of the defendants except Developers must be dismissed as a matter of law, and that all of the claims are barred by the statute of limitations. The defendants' motion is granted in part and denied in part.

## BACKGROUND

Passalacqua and Developers entered into an agreement in 1972 for the construction of an apartment condominium project in Florida called Mayfair House. Construction was concluded in 1974. Disputes relating to this project were sent to arbitration. On November 24, 1979, Passalacqua received an arbitration award of $1,721,171.00 against Developers which was judicially confirmed on June 17, 1981. Plaintiff collected $769,989.08 leaving an unpaid balance of $951,181.92. Plaintiffs brought this action to enforce the unpaid balance against Developers and the other defendants. Liability of the other defendants is based on a theory of piercing the corporate veil and voiding fraudulent transfers from Developers to various defendants.

## DISCUSSION

Defendants contend that there is no subject matter jurisdiction, that this action is barred by the statute of limitations and that the action against defendants other than Developers must be dismissed because there is no basis for *alter ego* or instrumentality liability under the facts of this case.

I. Subject Matter Jurisdiction

In order to establish subject matter jurisdiction, there must be complete diversity—the residency of all of the plaintiffs must be different from that of all of the defendants. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); 28 U.S.C. § 1332(a). For jurisdictional purposes, a corporation is a resident of the state of its incorporation and the state of its principal place of business at the time the suit is commenced. 28 U.S.C. § 1332(c). Passalacqua was incorporated under the laws of Ohio and qualified to do business in Florida in 1969. Defendants Developers, Jack Resnick & Sons of Florida, Sunrise Builders, Inc., PJFAM Investments, Inc., and Resnick of Boca, Inc. are all corporations organized under the laws of Florida.

Defendants contend that the principal place of business of Passalacqua in 1982 when this suit was commenced was Florida and therefore, there is no diversity between Passalacqua and various defendants. Plaintiffs argue that the corporation had no principal place of business because Passalacqua was an inactive corporation at the time the suit was commenced and that the corporation's sole residence was Ohio, its state of incorporation. The court finds that Passalacqua's principal place of business at the time the suit was commenced was Florida based on Judge Connors' decision in *Puerto Rico Maritime Shipping Authority v. Star Lines, Ltd.*, No. 78 Civ. 602 (WCC) (S.D.N.Y. Nov. 22, 1979) (Opinion and Order). Judge Connor held that the principal place of business for a corporation that was inactive at the time a suit is filed is the state of the corporation's last business activity. In 1980, Passalacqua's certificate of incorporation was cancelled on the records of the Ohio Secretary of State Florida was the last state where Passalacqua conducted any business activity other than the mere storage of corporate records or the conduct of this lawsuit.

This presents the question whether the complaint must be dismissed in its entirety or whether the claims by Passalac-

qua should be dismissed. A claim may not be maintained by dismissing a non-diverse party if the dismissed party is an indispensible party. Plaintiff concedes that Passalacqua is an indispensible party for Count 3. Passalacqua is certainly not an indispensible party for Counts 1 and 2 because all of its rights to enforce the judgment have been assigned to the other plaintiffs. The court has inherent power to perfect its jurisdiction and will not require the plaintiff to make a motion. *See Neeld v. American Hockey League,* 439 F.Supp. 459, 462 (W.D.N.Y.1977). Count 3 is hereby dismissed and Passalacqua is hereby dismissed as a plaintiff in this action for the remaining counts.

## II. Statute of Limitations

 Defendant contends that the action should be dismissed based on the statute of limitations. Plaintiff is suing to enforce the judgment obtained against Developers using a theory of piercing the corporate veil. The statute of limitations in New York for actions to enforce a judgment is twenty years. N.Y.Civ.Prac.Law § 211 (McKinney 1984). This action was commenced within the twenty-year period. Defendant contends that this statute of limitations is not appropriate for an action seeking to pierce the corporate veil and that the statute of limitations for the underlying action must be used. The defendant mischaracterizes Counts 1 and 2, the actions which involve piercing the corporate veil, as "alter ego and instrumentality claims." These counts are actions to enforce a judgment against a corporation. A plaintiff may attempt to enforce a judgment against individuals or corporations allegedly controlling the judgment debtor us-

ing a theory of piercing the corporate veil. *E.g., Port Chester Electrical Construction Co. v. Atlas,* 40 N.Y.2d 652, 389 N.Y.S.2d 327, 357 N.E.2d 983 (1976) (claim of piercing the corporate veil denied on the merits). The defendant, presumably as a result of mischaracterizing the claims, contends that the acts comprising the claims which would permit the plaintiff to pierce the corporate veil are within the scope of the six-year statute of limitations for fraud actions, N.Y.Civ.Prac.Law § 213 (McKinney 1984). Defendant refers to *Conklin v. Furman,* 48 N.Y. 527 (1872) to support the contention that a suit against shareholders to enforce a judgment against the corporation is covered by the statute of limitations for the underlying claim. *Conklin,* however, did not involve piercing the corporate veil. The case involved a statutory right to sue the stockholders for any balance remaining after the property of the corporation has been levied upon. The cause of action was established against the shareholders as shareholders and not as the *alter ego* or instrumentality of the corporation. This is a significant difference. Under the *alter ego* and instrumentality theories the corporation and those who have controlled the corporation are treated as but one entity. *Fisser v. International Bank,* 282 F.2d 231, 234 (2d Cir.1960). Thus, the statute of limitations applicable to the corporation should apply to those who are using the corporation as an instrumentality. The action accrued against both the corporation and any *alter egos* when the judgment was entered.[1] The action to enforce the money judgment is therefore timely.

## III. Alter Ego and Instrumentality

 Plaintiff asserts that the defendants other than Developers are liable under ei-

---

**1.** The cause of action accrues at the same time for the corporation and the *alter egos* for all types of actions. For example, under the facts of this case, the defendants other than Developers could not be held liable under the underlying contract between Developers and Passalacqua. This action, even though based on a theory of piercing the corporate veil, would be time barred because it accrued more than six years ago, *see* N.Y.Civ.Prac.Law § 213 (McKinney 1984).

The same rule would apply to the recovery of assets based on a fraudulent conveyence theory dismissed above. These claims are not based on an *alter ego* or instrumentality theory and do not rely on the judgment; they are direct claims against Developers and the other defendants. In this situation, the fraud statutes of limitations, N.Y.Civ.Prac.Law §§ 203, 213 (McKinney 1984), would apply.

ther an instrumentality or *alter ego* theory.[2] Defendants claim that there may be no liability based on these theories under the undisputed facts in this case. Both the plaintiffs and defendants cite a number of cases supporting both sides of the issue. A review of these cases leads this court to one conclusion: each case must be judged on its own merits; a recitation of factors such as undercapitalization, disregard of corporate formalities, lack of corporate records, and the shuttling of funds between the corporation and the other defendants are simply not determinative on a motion for summary judgment, except in the most unusual circumstance. The determination may rest on conversations between the parties, the intent of the parties and other matters which cannot be determined on a motion for summary judgment.

In this case, there are also issues of fact regarding the factors themselves such as the payment of personal expenses by the corporation, the purchase of apartments from the corporation by the individuals at reduced prices and the disregard of corporate formalities. Even though New York courts disregard corporate form reluctantly, *Gartner v. Snyder*, 607 F.2d 582 (2d Cir.1979); *C.A.B. v. Scottish-American Ass'n, Inc.*, 411 F.Supp. 883, 887 (E.D.N.Y. 1976), drawing reasonable inferences against the defendants and in favor of the plaintiffs, summary judgment is not appropriate in this case. *See Establissement Tomis v. Shearson Hayden Stone, Inc.*, 459 F.Supp. 1355, 1365 (S.D.N.Y.1978).

## CONCLUSION

Defendants' motion for summary judgment is granted in part and denied in part. Count 3 is dismissed and Counts 1 and 2 are to be consolidated into a single count.

An amended complaint is to be filed within 10 days.

SO ORDERED.

---

**2.** Plaintiff raises the *alter ego* and instrumentality claims in separate counts. The court is not convinced that these are separate theories or causes of action. As Judge Mulligan noted: " '[n]o concept of separate corporate personality will suffice to solve an actual problem.' ... 'What the formula comes down to, once shorn of verbiage about control, instrumentality, agency and corporate entity, is that liability is im-

posed to reach an equitable result.' " *Brunswick Corp. v. Waxman*, 599 F.2d 34, 36 (2d Cir.1979) (quoting Cary, Corporations 110 (4th ed. 1969) and Latty, Subsidiaries and Affiliated Corporations 191 (1936)). The plaintiff is therefore ordered to submit an amended complaint placing these virtually identical theories into a single count.