WM. PASSALACQUA BUILDERS, INC., Safeco Insurance Company of America and General Insurance Company of America, Plaintiffs,

v.

RESNICK DEVELOPERS SOUTH, INC., Jack Resnick, Burton Resnick, 90079, Inc., Jack Resnick & Sons, Inc., Sunrise Builders of Florida, Inc., Resnick of Boca, Inc., PJFAM Investments, Inc., Resnick Development Corporation, Pearl Resnick, Judith Resnick, Ira Resnick, Marylin Katz, Stanley Katz, Susan Abrams, John Doe and John Doe, Inc., Defendants.

No. 82 Civ. 3954 (DNE).

United States District Court, S.D. New York.

July 12, 1985.

Peterson Young Self & Asselin, Atlanta, Ga. (David J. Larson, Atlanta, Ga., of counsel), and Frank J. Franzino, New York City, for plaintiffs.

Kronish, Lieb, Shainswit, Weiner & Hellman, New York City (Brian J. Gallagher and Richard L. Wynne, New York City, of

counsel), for defendants other than Resnick Developers South, Inc.

## OPINION AND ORDER

EDELSTEIN, District Judge:

Defendants other than Resnick Developers South, Inc. ("Defendants") have filed a motion for reargument of this court's May 16, 1985 Opinion and Order ("Opinion"), 608 F.Supp. 1261, pursuant to Rule 3(j) of the Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules") and seek appellate certification of legal issues pursuant to 28 U.S.C. § 1292(b). Defendants have also moved to dismiss the amended complaint filed as a result of the Opinion. Familiarity with the Opinion is assumed.

## MOTION FOR REARGUMENT

Defendants seek reargument of the Opinion arguing that the court overlooked three points:

(i) the effect of the constitutional prohibition against enforcing a judgment against an "alter ego" of the judgment debtor unless that "alter ego" was a properly served party to the underlying action ...;

(ii) the proper application of [the] analysis [in *Conklin v. Furman*, 48 N.Y. 527 (1872)] of the nature and accrual of the statute of limitations applicable to suits against corporate principals for corporate debts; and

(iii) [The] limited holding [of *Port Chester Electric Construction Co. v. Atlas*, 40 N.Y.2d 652, 389 N.Y.S.2d 327, 357 N.E.2d 983 (1976)] which permits only the enforcement of judgments by levy upon debts owed to the judgment debtor.

Memorandum Supporting Defendants' Motion for: (1) Reargument Pursuant to Rule 3(j) of the Civil Rules of this Court and (2) Appellate Certification of a Controlling, Dispositive Legal Issue Pursuant to 28 U.S.C. § 1292(b) at 2–3.

■ The " 'only proper ground for a motion for reargument is that the court has overlooked "matters or controlling decisions" which, had they been considered, might reasonably have altered the result reached by the court.' " *United States v. International Business Machines Corp.*, 79 F.R.D. 412, 414 (S.D.N.Y.1978) (quoting *United States v. International Business Machines Corp.*, No. 69 Civ. 200 (DNE), slip op. at 2 (S.D.N.Y. Oct. 10, 1975)); *see* Civil Rule 3(j) of the Local Rules. Only one of Defendants' points satisfies this standard.

■ The court has considered the application of *Conklin* and *Port Chester* to the facts of this case, 608 F.Supp. at 1264; thus the court did not overlook these decisions and they are not proper grounds for a motion for reargument. The first point raised by Defendants satisfies this standard; however, the court's decision would not be altered.

Defendants contend that a judgment cannot be enforced against an "alter ego" who was not a party to the underlying action. The principal case relied upon to support this contention is *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969). In *Zenith*, the Supreme Court refused to enforce a judgment against a corporation that was found by the trial court to be the "alter ego" of a defendant corporation. The Court noted that one is not bound by a judgment *in personam* "resulting from a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Id.* at 110, 89 S.Ct. at 1569. The Court's holding, however, does not preclude the enforcement of the judgment in this case. In fact, enforcement of the judgment would be consistent with *Zenith*.

The crux of *Zenith* is that a judgment cannot be enforced against an alleged "alter ego" who has not had a day in court to litigate whether or not there is such a relationship. In *Zenith*, the alleged "alter ego" was not a party to the lawsuit. A stipulation was entered into between the parties to the suit that such an "alter ego"

relationship did exist. The Court noted that "[i]t was error to enter the injunction against [the 'alter ego'], without having made this determination in a proceeding to which [the 'alter ego'] was a party." *Id.* at 112, 89 S.Ct. at 1570. Courts have followed this reasoning by refusing to enforce court orders against unserved alleged "alter egos." *E.g., Panther Pumps & Equipment v. Hydrocraft, Inc.,* 566 F.2d 8, 23 (7th Cir.1977) (court did not direct order to show cause to alleged "alter ego" of party which the court did not have jurisdiction over), *cert. denied,* 435 U.S. 1013, 98 S.Ct. 1887, 56 L.Ed.2d 395 (1978). On the other hand, courts have enforced judgments against "alter egos" where the court had jurisdiction over the alleged "alter ego." *E.g. Dudley v. Smith,* 504 F.2d 979, 982–83 (5th Cir.1974); *Eagle Transport Ltd. v. O'Connor,* 470 F.Supp. 731, 733–34 (S.D.N.Y.1979). The court, in this case, has personal jurisdiction over the alleged "alter egos."

■■■ When the alleged "alter ego" is a party to the action where the "alter ego" status is litigated, due process will be satisfied. This determination need not be made as part of the underlying action in order to enforce a judgment.[1] If the court has jurisdiction over the alleged "alter egos," the court is determining the alter ego issue in a proceeding to which Defendants are parties, *Zenith, supra,* 395 U.S. at 112 & n. 6, 89 S.Ct. at 1570 & n. 6, so that Defendants have an opportunity to be heard. Further, if the court finds that there is an "alter ego" relationship, the judgment, in essence, will be enforced against parties to the underlying action. This is consistent with the notion that "alter egos" are treated as one person so that the actions of one, including those that subject one of them to the jurisdiction of the court, may be attributed to the other. *See Dudley v. Smith, supra,* 504 F.2d at 982; *Shamrock Oil & Gas Co.*

*v. Ethridge,* 159 F.Supp. 693, 697 (D.Colo. 1958). Therefore, although Defendants were not named parties to the underlying action, if they are found to be "alter egos" of Developers, the judgment may be enforced against them, as if they were named parties to that action.

## MOTION TO CERTIFY APPELLATE QUESTION

■■■ Defendants seek to have the issues raised in their motions certified for appellate review pursuant to 28 U.S.C. § 1292(b). The court declines to exercise its discretion to do so because this case does not satisfy the standards for such certification. In order to certify a case for immediate appellate review the court must find that the opinion "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The court finds that appellate certification will not "materially advance the ultimate termination of [this] litigation" because the case is almost ready for trial and most of the pretrial preparation is complete.[2] This action has been pending since June, 1982. During the past three years a number of pre-trial motions have been made and decisions filed. Further, a pretrial order and requests to charge have been submitted. There is not a great deal left to do in order to go to trial on this case. Thus, an immediate appeal will not avoid a great deal of pretrial effort.

It must also be noted that certification is to be used sparingly. "Section 1292(b) [should] 'be used only in exceptional cases where an immediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.'" *Mazzella v.*

---

1. Plaintiffs may not relitigate the issues raised in the underlying action as part of the determination of the "alter ego" issue. These actions would be time barred. The only action is for the enforcement of the judgment.

2. Even if the criteria for certification are present, it is within the court's discretion to utilize the certification procedure. *Bachowski v. Usery,* 545 F.2d 363, 368 (3d Cir.1976).

*Stineman,* 472 F.Supp. 432, 436 (E.D.Pa. 1979) (quoting *Milbert v. Bison Laboratories,* 260 F.2d 431, 433 (3d Cir.1958)). The parties estimate that the trial will last three weeks. Proposed Pre-trial Order, § X. This is certainly not a "protracted" litigation. Based on these considerations, Defendants' motion for certification is denied.

### MOTION TO DISMISS

Defendants have also filed a motion to dismiss the amended complaint filed pursuant to the Opinion. Plaintiffs have argued that the motion to dismiss is duplicative of the Motion for Reargument. The court agrees. The motion to dismiss raises no new issues that were not raised in the motion for reargument. In fact, the motion to dismiss contains the identical section on a motion for certification contained in the motion for reargument.[3] For the reasons stated above in denying the motion for reargument, the motion to dismiss is denied.

 Plaintiff seeks costs and reasonable attorneys' fees incurred in connection with the motion to dismiss because it was an unnecessary motion. The court agrees.[4] As noted above, the motion to dismiss was virtually identical to point i) of the motion for reargument. Further, there was no need to file the additional motion to preserve any defenses because they were part of the record in the motion for reargument. The motion to dismiss is clearly the type of abuse of motion practice that Rule 11 of the Federal Rules of Civil Procedure was intended to discourage. Therefore, as a sanction against Defendants pursuant to Rule 11, the court awards plaintiffs the reasonable costs and attorneys' fees incurred in responding to Defendants' motion to dismiss. Plaintiffs are to submit, within ten (10) days of this opinion, an affidavit detailing the costs and fees incurred.

**3.** Apparently, Defendants' word processors neglected to erase the certification section when the motion for reargument was recycled into the motion to dismiss.

### CONCLUSION

Defendants' motions for reargument and appellate certification are denied. Defendants' motion to dismiss is also denied and Defendants, as a sanction pursuant to Fed. R.Civ.P. 11, are to pay plaintiffs their costs and reasonable attorneys' fees incurred in responding to Defendants' motion to dismiss. Plaintiffs are to submit an affidavit detailing these costs and attorneys' fees within ten (10) days.

**SO ORDERED**

**4.** In their Reply, Defendants have not contested plaintiffs' assertions regarding the duplicative nature of the motion, nor have they offered any basis for the submission of the motion to dismiss that would not be accomplished by the motion for reargument.