# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

## THE OCEANICS SCHOOLS, INC. v. CLIFFORD E. BARBOUR, JR.

**Chancery Court for Knox County**
**No. 142654-3**

**FILED APRIL 22, 2003**

**No. E2002-00181-COA-R3-CV**

## OPINION AND ORDER
## ON PETITION FOR REHEARING

This matter is before us on the petition of the plaintiff for a rehearing pursuant to Tenn. R. App. P. 39. At our request, the defendant Clifford E. Barbour, Jr. filed a response to the plaintiff's petition.

The plaintiff contends in its petition that we erred in determining that Barbour was entitled to a $287,500 credit against the OSC judgment based upon a payment made to the plaintiff by the new owner of the *Antarna*. While acknowledging that it did receive a payment of $287,500, the plaintiff, nevertheless, contends that the issues of whether Barbour is entitled to a credit as a result of this payment and, if so, the amount of that credit, are issues that were not tried below.

Our review of the record and the briefs filed by the parties in connection with the petition persuade us that we erred in proceeding as if the facts impacting these two issues were undisputed and in holding that these facts militated in favor of our determination that Barbour was entitled to a credit against the Portuguese judgment, and a re-computation of the domesticated Tennessee judgment for which he is now liable as the alter ego of OSC. Accordingly, the plaintiff's petition is hereby GRANTED. However, we do not believe that further oral argument in this case is necessary or otherwise appropriate.

Acting on the record before us and the parties' appellate filings, we delete the following language found in Section VIII of our opinion:

> We believe, in fairness to Barbour, that he is entitled to a credit
> against the amount of the *Portuguese judgment* for the payment made
> by the other entity to the plaintiff. On remand, the trial court is
> directed to (1) make an appropriate computation crediting the amount
> of the Portuguese judgment with the payment of approximately
> $287,500; (2) re-calculate the interest on that judgment as finally

domesticated in Tennessee; and (3) modify the judgment amount as to Barbour.

(Emphasis in original). In lieu of the deleted portion, we substitute the following:

>We reject Barbour's contention that the doctrine of unclean hands bars the plaintiff from seeking the relief requested in this case. He *may*, however, be entitled to some relief as a result of this payment.

>The facts pertaining to this matter have not been sufficiently developed to allow us to decide if Barbour is entitled to a credit against the OSC judgment and, if so, the amount to which he is entitled, as a result of the subject payment. To the extent that Barbour claims he is entitled to such a credit, this matter can be addressed by the trial court following remand at such time as the court deems appropriate.

Section IX of our opinion, and the judgment of this court entered in connection with that opinion, are modified so as to delete the language therein providing that "the amount of the judgment is modified to an extent to be determined by the trial court on remand pursuant to the instructions set forth in Section VIII of this opinion." Rather, this case is remanded to the trial court for such further proceedings, if any, as may be necessary. Except as changed by this opinion and order, our original judgment remains in full force and effect.

IT IS SO ORDERED.

_____
CHARLES D. SUSANO, JR., JUDGE

_____
HOUSTON M. GODDARD, PRESIDING JUDGE

_____
HERSCHEL P. FRANKS, JUDGE