FILED

12/28/2018

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 7, 2018 Session

**LARRY E. PARRISH, P.C. v. NANCY J. STRONG**

**Appeal from the Chancery Court for Lincoln County**
**No. 13039     J. B. Cox, Chancellor**

———————————————————

**No. M2017-02451-COA-R3-CV**

———————————————————

W. NEAL MCBRAYER, J., concurring in part and dissenting in part.

I concur in all aspects of the opinion, save one.  The majority concludes that the Chancery Court of Lincoln County erred in denying the motion of Nancy J. Strong to hold Larry E. Parrish personally liable for the obligations of Larry E. Parrish, P.C.[1]  The majority vacates the trial court's decision and "remands for a hearing" on that issue. Because I would affirm the denial of the motion, I respectfully dissent from that part of the opinion.

Ms. Strong asserted her breach of contract claim against a professional corporation, Larry E. Parrish, P.C.  After the trial of her claim against the professional corporation and the award of compensatory damages, Ms. Strong asserted that Mr. Parrish should be found personally liable.  As grounds, Ms. Strong stated that Mr. Parrish had filed articles of dissolution for the corporation with the Tennessee Secretary of State during the pendency of the case.  Ms. Strong further alleged, without citing any specific instances, that Mr. Parrish had "dissipated the assets [of the corporation] such that the corporation [wa]s without funds to pay its debts (most specifically an adverse judgment in favor of Nancy J. Strong) which [wa]s due to the misconduct on the part of Larry E. Parrish as sole stockholder and President of the corporation."

Although, like the majority, I take issue with some of the trial court's rationale, I conclude that there were adequate reasons for denying Ms. Strong's request.  Ms. Strong seems to incorrectly equate dissolution of a corporation with the end of its corporate existence.  Under the Tennessee Business Corporation Act, "[a] dissolved corporation

———

[1] The majority concludes, and I agree, that Ms. Strong does not challenge on appeal the denial of her motion to substitute under Tennessee Rule of Civil Procedure 25.03.

continues its corporate existence," and dissolution does not "[a]bate or suspend a proceeding . . . against the corporation on the effective date of the dissolution." Tenn. Code Ann. § 48-24-105(a), (b)(6) (2012). This is no less true for professional corporations. *Id.* § 48-101-602 (2012).

Additionally, Ms. Strong offers little or no evidence of the claim of dissipation of assets by Mr. Parrish. In the memorandum accompanying her motion to hold Mr. Parrish personally liable, Ms. Strong states that, following the jury verdict for compensatory damages, her counsel subpoenaed relevant financial records of Larry E. Parrish, P.C. Ms. Strong then claims that the subpoenaed documents showed that Larry E. Parrish, P.C. had "systematically taken steps to shut down the P.C., ha[d] dissipated assets, ha[d] a variety of records that require further scrutiny, and most particularly, ha[d] dissolved the P.C." I am left to wonder, if these financial records were so damning, why not detail at least one or two instances of dissipation by Mr. Parrish. If anything, Ms. Strong seems to be requesting more time to evaluate possible avenues to hold Mr. Parrish personally liable.

Finally, like the trial court, I find the timing of the motion weighed in favor of its denial. When the motion was filed, the liability and damages phase of the case had seemingly concluded. The introduction of the question of personal liability ultimately served to delay matters and created a host of other issues. *See Larry E. Parrish, P.C. v. Strong*, No. M2015-02495-COA-R9-CV, 2016 WL 5888935 (Tenn. Ct. App. Oct. 7, 2016). Given that the question of whether "a corporation is a mere instrumentality of an individual . . . is ordinarily a question of fact for the jury," *Elec. Power Bd. of Chattanooga v. St. Joseph Valley Structural Steel Corp.*, 691 S.W.2d 522, 526 (Tenn. 1985), in my view, the trial court took the best course, namely attempting to proceed to the punitive damages phase of the case.

If anything, this case illustrates the complications that come when the procedure to follow is not entirely clear. This is not uncommon with claims to pierce the corporate veil. As at least one commentator has noted, "[n]either state nor federal procedure is uniform in how veil-piercing cases are adjudicated." Sam F. Halabi, *Veil-Piercing's Procedure*, 67 RUTGERS U. L. REV. 1001, 1006 (2015). "[V]eil-piercing claims run the gamut from free-standing causes of action (which under the law of waiver in some jurisdictions must be pleaded early in litigation) to affirmative defenses to . . . equitable remedies enforced at the end of litigation." *Id.* at 1016. In Tennessee, we treat such claims as an equitable remedy, but one that can be pursued by a separate suit after judgment has been obtained against the corporation.[2] *See Oceanics Sch., Inc. v. Barbour*,

_____

[2] Corporate identity can be disregarded in other contexts. *See, e.g.*, *CAO Holdings, Inc. v. Trost*, 333 S.W.3d 73, 88-89 (Tenn. 2010) (recognizing that separate legal status of corporations can be disregarded in order to collect taxes); *Waste Conversion Sys., Inc. v. Greenstone Indus., Inc.*, 33 S.W.3d 779, 780 (Tenn. 2000) (holding parent corporation may interfere with the contractual relations of wholly-

2

112 S.W.3d 135, 145 (Tenn. Ct. App. 2003).

In light of *Oceanics Schools, Inc. v. Barbour* and given the timing of Ms. Strong's motion, I conclude that the trial court did not err in denying the motion to hold Mr. Parrish personally liable for the obligations of Larry E. Parrish, P.C. Given that the financial records of the corporation, in the words of Ms. Strong, "require further scrutiny," the better course is for Ms. Strong to file a separate suit against Mr. Parrish seeking to pierce the corporate veil rather than to remand this matter for a hearing, which is potentially a remand for yet another jury trial.

For these reasons, I respectfully dissent from part (E) of the opinion.

_____
W. NEAL MCBRAYER, JUDGE

---

owned subsidiary without liability for tortious interference with contract).